IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHALID ALDUAIJ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 2:25-cv-00538 |
| KRISTI NOEM, *Secretary of Homeland Security*, et al., | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND ENTERING TEMPORARY RESTRAINING ORDER**

Presently pending before the Court is Plaintiff Khalid Alduaij's ("Alduaij") Motion for Temporary Restraining Order ("TRO") (ECF No. 4). Alduaij asks the Court to grant his motion and to issue an order (i) staying the termination of his Student and Exchange Visitor ("SEVIS") status; (ii) enjoining Defendants from terminating his F-1 student status under the SEVIS system and (iii) requiring Defendants to set aside their termination determination. The Court has reviewed Alduaij's motion, as well as his supporting brief (ECF No. 5). Having carefully considered the record, the Court will grant the motion for TRO in order to preserve the status quo to allow for an orderly and timely adjudication of the matters before it, and for the further reasons herein.

**I. STANDARD OF REVIEW**

Alduaij must establish the following for a TRO: "(1) a likelihood of success on the merits, (2) that denial of injunctive relief will result in irreparable harm, (3) that granting the temporary restraining order will not result in irreparable harm to the defendants, and (4) that granting the TRO is in the public interest." *Zubik v. City of Pittsburgh*, No. 2:20-CV-1809, 2020 WL 7053304, at *1 (W.D. Pa. Nov. 24, 2020) (citing *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1997)). That is, he must establish the same elements as for a preliminary injunction. *Id.* (citing *Saluck v. Rosner*, C.A. No. 98-5718, 2003 WL 559395, at *2 (E.D. Pa. Feb. 25, 2003)). Where, as here, the Government is

1

a party, "the last two factors in the [TRO] analysis . . . merge." *City of Philadelphia v. Sessions*, 280 F. Supp. 3d 579, 657 (E.D. Pa. 2017) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). The primary purpose of a TRO is "preserv[ation of] the status quo until a decision can be made on the merits." *Id.* (citing *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020)); *N. Am. Dental Mgmt., LLC v. Phillips*, No. CV 23-1202, 2023 WL 4551980, at *2 (W.D. Pa. July 14, 2023).

## II. DISCUSSION

Alduaij is an international student pursuing a degree in Interior Architecture at La Roche University in McCandless, Pennsylvania. (ECF No. 5-4, at ¶¶ 2, 3). He entered the United States in August 2022 on an F-1 student visa to study English at the University of Pittsburgh, and transferred to La Roche in August of 2023. (ECF No. 5-4, at ¶ 3). His record in SEVIS was also transferred, and form I-20 authorizing that transfer was issued. (ECF No. 5-3). He is currently expected to graduate in May 2026. (ECF No. 5-5).

On October 5, 2025, Alduaij was arrested on suspicion of driving under the influence. (ECF No. 5-4, at ¶ 4). He entered an alternative disposition program and several of the charges were dismissed; the rest are expected to be dismissed in several months. (*Id.*). On October 20, 2024, the U.S. Embassy in Riyadh, Saudi Arabia, advised him via email that his visa had been revoked. (ECF No. 5-7). The email informed him that "[i]f you are already in the United States, the revocation of your visa does not control the status granted to you by U.S. Customs and Border Protection ("CBP") at the time of your entry, or your ability to stay in the United States," but that he would need to reapply for a visa and demonstrate eligibility in order to reenter the United States. (*Id.*).

On April 11, 2025, the Director of International Student Services at La Roche emailed Alduaij informing him that his SEVIS record had been terminated. (ECF No. 5-4). This was apparently because "the U.S. government believe[d he] ha[d] violated [his] status." (ECF No. 5-6). Alduaij met with the Director, who advised him that he could either try to fix his status legally or leave the United

2

States, but the school could not guarantee he could continue classes online if he left the country. (ECF No. 5-4).

Based on these events, Alduaij has sued Kristi Noem, the Secretary of Homeland Security, and Todd Lyons, the Acting Director of Immigrations and Customs Enforcement (collectively, "Defendants") for allegedly violating the Administrative Procedure Act ("APA") (Count I) and allegedly depriving him of procedural due process in violation of the Fifth Amendment (Count II); he also seeks a declaratory judgment that terminating his SEVIS status does not terminate his F-1 student visa status (Count III).

In applying the TRO standard here, the Court first assesses Alduaij's likelihood of success on the merits of his claims.[1] At least with respect to Alduaij's claims that Defendants' termination of his SEVIS status violated the APA because it was (1) arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, including 8 C.F.R. § 214.1(d), and (2) arbitrary and capricious because no rational connection between any facts and such decision was made or conveyed, the Court finds that Alduaij has established more than a reasonable probability of success on the merits. To establish a reasonable probability of success on the merits, a "plaintiff need only prove a prima facie case, not a certainty that [it] will win." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173 (3d Cir. 2001). Alduaij has met that burden here.

The SEVIS termination is a final agency decision susceptible to judicial review. *Jie Fang v. Dir. U.S. ICE*, 935 F.3d 172, 182 (3d Cir. 2019). SEVIS termination may occur when a student fails to maintain status or when Department of Homeland Security ("DHS") terminates status. *See* 8 C.F.R. §§ 214.2(f); 214.1(d). With respect to maintenance of status, Alduaij represents under penalty

---

[1] If the Court finds a likelihood of success on some of Alduaij's claims, the Court need not go on to assesses likelihood of success on all claims. *CIBA-GEIGY Corp. v. Bolar Pharm. Co.*, 719 F.2d 56, 57 (3d Cir. 1983) (affirming the district court's "thoughtful and detailed" decision granting a preliminary injunction where the plaintiff had demonstrated a "likelihood of ultimate success as to at least one of the [counts—either the Lanham-Act count or the State unfair competition counts]").

of perjury that he has never engaged in unauthorized employment, provided false information to the DHS, nor been convicted of a crime of violence. (ECF No. 5-4, at ¶ 14). His academic record reflects that he has been studying full-time at La Roche since his transfer. (ECF No. 5-5). With respect to DHS terminations, it does not appear that DHS terminated Alduaij's SEVIS registration or terminated his F-1 visa pursuant to its limited authority to do so. *See Jie Fang*, 935 F.3d at 185 n.100 (explaining the bases for termination of an F-1 visa as set forth in 8 C.F.R. § 214.1(d)). Alduaij's filings at this juncture establish that his SEVIS registration was terminated without explanation, and there is no evidence in the record to discern termination for a reason set forth in 8 C.F.R. §§ 214.2(f) or 214.1(d). Applying the above standard, the Court is therefore satisfied that Alduaij is likely to succeed on the merits of his claims, at least with respect to the claims in Count I of the Complaint wherein Alduaij has sought this Court's review of whether Defendants' final decision on his SEVIS registration was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law in violation of 5 U.S.C. § 706(2)(A).[2]

That brings the Court to the second TRO factor: whether a TRO is necessary to prevent immediate and irreparable harm to Alduaij. Alduaij represents, *inter alia*, that Defendants' termination of his SEVIS registration puts him at immediate risk of removal from the United States prior to a more searching assessment of his claims, disrupts and frustrates his academic studies and his ability to graduate in May 2026, and could result in financial hardship if Alduaij loses his scholarship. Alduaij also believes he presently lacks lawful status because of Defendants' actions, and he therefore may be accruing out-of-status time that will affect his ability to reinstate F-1 student

---

[2] The Court would reach the same conclusion even if the heighted standard applicable to injunctions seeking to alter the status quo applied here. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994).

4

status in the future. The disruption of education and potential accrual of time out of lawful status that could not be regained constitute an immediate and irreparable harm to Plaintiff warranting a TRO.[3]

Because the two "gateway" factors for a TRO weigh in Alduaij's favor, the Court next considers whether granting the TRO will result in greater harm to Defendants and whether the public interest is served by the TRO. *Kim v. Hanlon*, 99 F.4th 140, 154 (3d Cir. 2024). These factors merge in this context because the non-moving parties are Government defendants. *See City of Philadelphia*, 280 F. Supp. 3d at 657. Enforcement of federal immigration law—including provisions that constrain agency action, as well as empower it—is in the public interest, and the Court is not aware of any specific harm to the Government that would result from the TRO. Based on that and all the foregoing, it is the Court's assessment in this matter that all four elements for TRO relief are satisfied here and warrant granting Alduaij's motion.

### III. CONCLUSION

Alduaij has established all the requirements of Rule 65(b) and the entry of a TRO under the relevant case law is appropriate, particularly to maintain the status quo pending a further and more searching examination of the merits. The TRO will be set to expire in fourteen days on **May 7, 2025**, though such date may be extended for good cause according to law. This Court will require Alduaij to give one hundred dollars ($100) security for the TRO pursuant to Rule 65(c). *Frank's GMC Truck Ctr., Inc. v. General Motors Corp.*, 847 F.2d 100, 103 (3d Cir. 1988).

Upon consideration of Plaintiff's Motion for Temporary Restraining Order (ECF No. 4), for the reasons set forth above and on the record, and having determined that: (1) Plaintiff has established the requisite likelihood of success on the merits; (2) Plaintiff will suffer irreparable harm if the TRO

---

[3] While delays in education alone have generally been found not to "amount to irreparable harm," *B.P.C. v. Temple Univ.*, No. CIV.A. 13-7595, 2014 WL 4632462, at *5 (E.D. Pa. Sept. 16, 2014), the circumstances here are unique in that Patel is at risk of accruing days that could accumulate to prevent future reinstatement of F-1 status. *See Jie Fang*, 935 F.3d at 176.

is denied; (3) granting the TRO will not result in irreparable harm to Defendants; and (4) granting the TRO is in the public interest, IT IS HEREBY ORDERED that said Motion is GRANTED as follows.

IT IS ORDERED that, for the duration of this TRO:

1. Plaintiff is not to leave the Western District of Pennsylvania volitionally, and no agency or agent of the United States, or any person or entity acting on its behalf, may remove Plaintiff from the Western District of Pennsylvania;

2. The termination of Plaintiff's SEVIS record is stayed;

3. Defendants are enjoined from terminating Plaintiff's F-1 student status records from SEVIS;

4. Defendants are enjoined from directly or indirectly enforcing, implementing, or otherwise taking any action imposing any legal consequences on Plaintiff, including enforcement actions, as the result of the decision to terminate Plaintiff's SEVIS records or otherwise;

5. The Court will hold a preliminary injunction hearing on Wednesday, April 30, 2025, at 10:00AM, format to be set by further Order;

6. Plaintiff shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of one hundred dollars ($100) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder;

7. This Order shall remain in effect **FOR FOURTEEN DAYS FROM THE DATE AND TIME BELOW**, unless otherwise extended, modified, or vacated by further Order of Court.

_____
Mark R. Hornak
Chief United States District Judge

Date: April 23, 2025

Time: 5:50 P.M EDT

cc: All counsel of record via CM/ECF